BENJAMIN LAWSON AND OTHERS, vs. DAVID DAVIS.—December 1848.

A bill was filed by the appellee, against his guardian, and the sureties in his guardian's bond, for an account, in which it was stated, that one of the securities in said bond was solvent. HELD, that the party had remedy at law, and the bill was dismissed.

APPEAL from the Court of Chancery.

The bill in this case, was filed on the 21st of April 1841, by the appellee, against the appellants, alleging that *Doctor David Davis*, the father of the complainant, died in *Cecil* county in 1816, leaving a widow, *Ann Davis*, and complainant, his only child and heir at law, also a considerable personal estate, upon which one *John Mercer* administered; that *Ann*, the widow and mother of the complainant, in the year 1820, intermarried with *Franklin Betts*, who was appointed guardian to complainant, by the orphans court of *Cecil* county, and entered into a bond with *Henry Lawson*, since deceased, and *William D. Mercer*, as his sureties; that said *Betts*, as such guardian, passed several accounts with the orphans court of said county, and by his sixth and last account, charged himself with a balance in his hands, of $5770.21, belonging to his *ward*, the complainant. That said *Henry Lawson* died in 1823, leaving a last will and testament, by which he appointed *Aaron Clapp* and *William H. Freemen*, his executors, and

44    v.7

after various pecuniary legacies, to persons specially named, bequeathed all the remainder and residue of his estate, to his brother *Benjamin Lawson*, whom he also appointed sole agent, to receive and pay the legacies above mentioned; that said executors paid over to said *Benjamin Lawson*, all said legacies, for the use of the legatees, and also in his own right as residuary devisee, the sum of $5416.10; that said *Benjamin* afterwards, in behalf of said legatees, filed a petition in said orphans court, upon which it was ordered by said court, that *George E. Walker* be received as one of the sureties of *Franklin Betts* as guardian of complainant, together with *William D. Mercer*, and that the original bond of said *Betts*, *Mercer* and *Henry Lawson*, be annulled and made void, and that the bond of *Betts, Mercer* and *Walker*, be approved and received in lieu thereof. The bill charges, that this order is nugatory and contrary to law; that complainant, during his minority, never received any part of his estate from his said guardian, except the items for which he claimed credit in his said accounts ; that complainant arrived at age, on the 9th of March 1836, and since that time he has not received, or been able to recover from his said guardian, any part of his estate, (except a legacy of $3000,) although he has often applied for payment thereof ; that *Betts* was insolvent before complainant arrived at age, and is still insolvent. That *Walker* resides in *Cecil* county, and is insolvent ; that *William D. Mercer*, the other surety on said bond, resides in the same county, and is solvent. The bill then prays, that the accounts of said *Betts* may be audited, and the balance due the complainant, be struck and finally adjusted.

The guardian and his sureties, *Benjamin Lawson* and the executors and legatees, under the will of *Henry Lawson*, deceased, were made defendants to this bill.

The *answer* of *Benjamin Lawson* and other defendants, rely upon the plea of limitations, and also set up laches, and various other defences to the bill. After testimony taken under a commission, the cause was referred to the auditor, who, on the 20th of April 1841, stated an account between the defendant *Betts*, as guardian, and the complainant, by which it appeared

that said guardian was indebted to the complainant in the sum of $5661.04, with interest on $2770.51, part thereof from the date of the account.

This account, the chancellor, (BLAND,) on the 25th of July 1846, ratified and confirmed; "and further adjudged, ordered and decreed, that the said defendants pay, or bring into this court to be paid to the complainant, the said sum of $5661.08, with interest on the sum of $2770.51, from the 21st day of March 1846, with costs."

From this decree the defendants, *Benjamin Lawson*, *Nathaniel Lawson*, *William Lawson*, *Hannah Marsh*, *Olivia L. Bosquet*, *Sarah Atterton*, and *Elizabeth H. Marsh*, appealed to this court.

The cause was argued before DORSEY, C. J., SPENCE, MARTIN and FRICK, J.

By MAYER and NELSON for the appellants, and
By STUMP for the appellee.

SPENCE, J., delivered the opinion of this court.

It is the opinion of the court in this case, that the complainant had remedy at law. The bill alleges, that *Mercer*, one of the securities in the guardian bond, is solvent. The decree is reversed with costs, and the bill dismissed.

DECREE REVERSED AND BILL DISMISSED.